UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, a minor, by and through his guardian ad litem, Victoria Ikerd-Schreiter, Esq.,<br><br>Plaintiff,<br><br>v.<br><br>MATER DEI CATHOLIC HIGH SCHOOL OF SAN DIEGO, INC. and JOHN JOYNER,<br><br>Defendant. | Case No.: 18-CV-1997-CAB-NLS<br><br>**ORDER REMANDING CASE AND AWARDING FEES TO PLAINTIFF** |

On August 27, 2018, Defendants removed this case from San Diego County Superior Court. On September 5, 2018, the Court ordered Defendants to show cause why this case should not be remanded to state court. Defendants responded to that order in writing [Doc. Nos. 6, 8], and the Court held a hearing on September 13, 2018. For all of the reasons set forth in the order to show cause and stated by the Court at the hearing, the Court finds that the complaint does not state a federal claim or come within the "special and small category of cases" in which there is federal jurisdiction over a state law claim. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The case was therefore improvidently removed and shall be remanded to state court.

1

**Rule 11 Violation**

The order to show cause also required defense counsel Maria C. Roberts and Michael W. Healy to show cause why they should not be sanctioned under Federal Rule of Civil Procedure 11 for misrepresenting to the Court that the operative first amended complaint ("FAC") in this case asserted a cause of action for "Intrusion into Private Affairs in violation of the federal Family Education Rights and Privacy Act ("FERPA"), when the FAC plainly asserts only two causes of action: (1) a claim for intrusion into private affairs and violation of right to privacy under California Education Code § 49079(e) and the California Constitution; and (2) public disclosure of private facts. [Doc. No. 1-2 at 1, 4-5.] At the hearing, when confronted by the Court with the statements in the notice of removal, Ms. Roberts conceded that they were misrepresentations, and regardless, there is no other reasonable explanation. For this reason alone, the Court finds that the false statements in the notice of removal and in Mr. Healy's declaration that the FAC asserted a cause of action for intrusion into private affairs in violation of FERPA were made in bad faith for the improper purpose of removing this case to federal court despite the absence of subject matter jurisdiction thereby causing unnecessary delay and needlessly increasing the cost of litigation, and that the statements lacked evidentiary support. Accordingly, the Ms. Roberts, Mr. Healy and the law firm of Greene & Roberts violated Rule 11(b)(1) and (3).

**Attorney's Fees under 28 U.S.C. § 1447(c)**

Relatedly, the Court also finds that Defendants lacked an objectively reasonable basis for seeking removal and are therefore liable for the fees incurred by Plaintiff as a result of the removal. *See* 28 U.S.C. § 1447(c); *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543 (9th Cir. 2018) ("Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). In their response to the Court's order and at the hearing, Defendants made the new argument that federal jurisdiction existed not because the FAC included a federal claim, which was the basis for subject matter jurisdiction stated in the notice of removal, but because the claim for intrusion into private

affairs in violation of the California Constitution and California Education Code in the FAC necessarily raised the federal issue of whether Defendants' conduct violated FERPA. *See Gunn*, 568 U.S. at 258. Putting aside that this argument was not the grounds for subject matter jurisdiction stated in the notice of removal, it is also objectively unreasonable in light of the allegations in the FAC. The FAC mentions FERPA just once and plainly does not contend that Defendants violated a right granted under the California Constitution *because* they violated FERPA. Indeed, Plaintiff likely did not make such an allegation or condition any claim on a FERPA violation because there is no private right of action under FERPA. *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). In sum, the argument that a claim for violation of a right granted under the California Constitution necessarily raises a question of whether FERPA was violated is objectively unreasonable.

Accordingly, the Court finds that Defendants' alternative grounds for removal—(1) the contention in the notice of removal that the FAC stated a federal claim; and (2) the argument stated for the first time in response to the Court's order to show cause that the intrusion into private affairs in violation of the California Constitution claim in the FAC is a state law claim that necessarily raised the issue of whether Defendants violated FERPA— are both objectively unreasonable and warrant an award of attorney's fees under 28 U.S.C. § 1447(c).

**Amount of Sanctions/Fee Award**

In response to the Court's order to show cause, Plaintiff's counsel filed a declaration stating that immediately upon receiving the notice of removal, she contacted defense counsel objecting to the notice of removal. When defense counsel responded that it believed the removal was proper, Plaintiff's counsel began working on a motion to remand. Upon receipt of the Court's order to show cause, she ceased working on the motion. In her declaration, Plaintiff's counsel states that she spent 6 hours working on the motion to remand, and 1.5 hours on her declaration to the Court, and that her hourly rate is $350. The Court finds these hours and rate to be reasonable and that Plaintiff is entitled to fees for this work notwithstanding that the motion was never filed because: (1) ceasing work on the

motion in light of the order to show cause was reasonable; and (2) if the motion to remand had been filed, it would have been granted and the Court would have awarded fees for the total cost of the motion.

**Disposition**

In light of the foregoing, it is hereby **ORDERED** as follows:

1. This case is **REMANDED** to San Diego County Superior Court;
2. The law firm of Greene & Roberts, and attorneys Maria C. Roberts and Michael W. Healy violated Rule 11 in the Notice of Removal and accompanying declaration by Mr. Healy;
3. Defendants did not have an objectively reasonable basis for seeking removal of this lawsuit; and
4. Defendants, the law firm of Greene & Roberts, Maria C. Roberts, and Michael W. Healy shall be jointly and severally liable to Plaintiff in the amount of **$2,625** for the fees Plaintiff incurred as a result of the notice of removal. To be clear, Defendants' liability is premised on 28 U.S.C. § 1447(c) because they did not have an objectively reasonable basis for removal, and the liability of Greene & Roberts, Ms. Roberts, and Mr. Healy is a **SANCTION** for the violation of Rule 11 described above.

It is **SO ORDERED**.

Dated: September 17, 2018

Hon. Cathy Ann Bencivengo
United States District Judge